UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

DIANTE STRAKER,

                                    PLAINTIFF,

                 -AGAINST-

NEW YORK CITY, POLICE OFFICER JOHN DOE 1,
POLICE OFFICER JOHN DOE 2, and POLICE OFFICER
JANE DOE, individually, and in their capacity as members
of the New York City Police Department,

                                    DEFENDANTS.

-------------------------------------------------------------------- x

**COMPLAINT**
**CV 14         5266**
**ECF CASE**

**GARAUFIS, J.**

**POLLAK, MJ**

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff Mr. Diante Straker ("Mr. Straker") seeks relief for the violation of his rights secured by 42 USC 1983, the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claims arise from an incident on or about June 19, 2014, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Daniels to *inter alia* false arrest.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants and an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Mr. Straker, is a 22-year-old citizen of the United States and at all times here relevant resided at 1170 Lincoln Place, Apartment 2I, Brooklyn, NY 11213.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer John Doe 1 ("PO John Doe 1"), Police Officer John Doe 2 ("PO John Doe 2"), and Police Officer Jane Doe ("PO Jane Doe") at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statutes, ordinances, regulations, policies, and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Straker is a 22-year old African American, who works at McDonalds.

11. On or about June 19, 2014, at approximately 7:30pm, Mr. Straker was with two friends on Sutter Avenue in Brooklyn.

12. Mr. Straker was approached by PO John Doe 1, PO John Doe 2 and PO Jane Doe.

13. PO John Doe 1 asked Mr. Straker for identification and Mr. Straker handed his identification to PO John Doe 1.

14. PO John Doe 1 then told Mr. Straker to put his hands behind his back.

15. Mr. Straker panicked and run from the police officers.

16. Mr. Straker then tried to hide under a parked car.

17. PO John Doe 1 grabbed Mr. Straker and lay on top of him.

18. Mr. Straker puts his hands behind his back and was hand cuffed.

19. PO Jane Doe then forced her knee into Mr. Straker's neck.

20. PO John Doe 2 then repeatedly punched Mr. Straker in his right eye and head-butted him in his face.

21. PO Jane Doe then picked up Mr. Straker by his wrists causing excruciating pain to Mr. Straker.

22. A female witness shouted from the window of an adjacent building for the police to stop assaulting Mr. Straker.

23. Mr. Straker was taken in a police car to the 73rd Precinct, where he was held until approximately midnight.

24. Mr. Straker was then taken to Central Bookings, where he was charged with Disorderly Conduct, Resisting Arrest, and creating a Hazardous Condition.

25. All charges against Mr. Straker were subsequently dismissed.

26. Mr. Straker continues to feel traumatized by the events of June 2014, and is wary and fearful when he sees police officers.

27. Mr. Straker takes efforts to avoid police officers when in public.

28. Mr. Straker suffered physical injuries as result of the incident, including cuts, scrapes and bruises to the his face, lip, torso and wrists.

29. Mr. Straker suffered following the incident and feels fear, embarrassment, humiliation, emotional distress, frustration, anxiety, and loss of liberty.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

30. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

31. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

32. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

33. Defendants confined plaintiff.

34. Plaintiff was aware of, and did not consent to, his confinement.

35. The confinement was not privileged.

36. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Excessive Force)

37. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

38. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

39. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States

Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

40. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## THIRD CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

41. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

42. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

43. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

44. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

45. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## FOURTH CAUSE OF ACTION

(42 USC 1983 –Denial of Right to a Fair Trial)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

48. Defendants have deprived plaintiff of his right to a fair trial, pursuant to the Fifth and Sixth Amendments to the United States Constitution.

49. Defendants created false information likely to influence a jury's decision and then forwarded that information to prosecutors, resulting in plaintiff suffering a deprivation of liberty and a violation of his rights.

50. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

> In favor of plaintiff in an amount to be determined by a jury, but at least equal or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;
>
> Awarding plaintiff punitive damages in an amount to be determined by a jury;

- Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
September 4, 2014

By: _____
Duncan Peterson (DP 7367)
PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075